Judge Hise
delivered the opinion of the Court.
Brannin, the plaintiff, brought his petition in the Jefferson Circuit Court against Isham Henderson, as acceptor, upon his acceptance, written upon the back of the following instrument:
i‘Providence,-February 20th, 1849.
Mr. Isham Henderson:
Will please pay to Woodville and Pollard, one hundred and fifty dollars and ninety-bne cents, and charge the same to my account.
B. N. HORNSBY.”
Upon the back of which is written the following sen-, tence, signed by Isham Henderson, to-wit:
“I will see the within paid eventually.
ISHAM HENDERSON..
April 9th 1849.
Woodville & Pollard, the payees, transferred this pa-, per to the plaintiff, in writing, on the 13th "of October-,, 1849. There was a demurrer to this petition, joinder and judgment in the Circuit Court thereupon in favor of the defendant, sustaining the demurrer and giving costs against the plaintiff, who has appealed to this Court.
The only question to be noticed in this case is, whether Henderson is liable, and whether an action can be maintained against him as acceptor, upon such acceptance as that written on the back of the order and signed by him, to-wit: <SI- will see t-he within, paid eventual-. ly.”
A written aocep-baek^f an order made by the terms: “i will pa?d eventually1’'’ ceptan'ce'to pay" forthwith,audan petion lies lor failing to pay.
The defendant here certainly must be regarded as undertaking to pay the amount of the orders at some time, and no precise time or certain event, or precise condition, having been fixed or stated in the acceptance upon which he would pay, (or see paid, which imports the same,) the money as requested in the orders; then according to the reasonable rule so well settled, that a Prom'se or obligation to pay money, no time fixed, it is due and payable at the date of the undertaking ; so al-r J ° so, if one undertakes to pay money when convenient, or as soon as practicable, or as soon as he can, or “eventually,” and upon other vague and undefined conditions, or at an indefinite period, he is bound to pay within a reasonable time at least, after promise, if not forthwith, and without regard to the happening of any contingency or event whatever, where none is specified in-the contract. Were not such the rule, then there, would be a class of undertakings and contracts based upon good and valid considerations like the one in question, and others of a similar character, that could never be enforced. A reasonable time was given to defendant — the acceptance is dated April 9th, 1849, and the petition was not filed until 6th of February, 1850v The defendant is bound qnd liable as acceptor, and the sentence signed by defendant as above quoted, is a. good .and valid acceptance, although the defendant, thought proper in writing it, to use the words “ I will see paid,” instead of “ I will pay.” The opinion is entertained that the only certain and sure way by which Henderson, the acceptor, can ever expect to see the amount of the order paid, is to pay it himself, and thus like some other prophets in the world, produce by his own action, the verification of his own prediction.
Wherefore the judgment of the Circuit Court is reversed, and the cause remanded with directions that the defendant’s demurrer to plaintiff’s petition be overruled and that defendant have leave to withdraw his demurrer, and plead tp the merits of the demand, in default qf which, that judgment be rendered against the de *63 'fendant for ’the amount of the order, with interest from the date of the acceptance, until paid, and costs of suit.
Speed and Worthington for plaintiff; Lotighbor'ough and Ballard for defendant.